**SUZUKI LAW OFFICES**
Attorneys at Law
Colin O' Sullivan Esq. No. 032221
2929 E. Camelback Rd. Ste. 224
Phoenix, Arizona 85016
Phone: (602) 682-5270
Fax: 480-907-1571
Attorneys@suzukilawoffices.com

Attorneys for Defendant *Kaiser*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Thomas Robert Kaiser,<br>Defendant. | **Case No.: 2:23-cr-00137-DGC-1**<br><br>**SENTENCING MEMORANDUM** |

Comes now, Defendant Thomas Kaiser, by and through undersigned counsel, and hereby submits the following Sentencing Memorandum to this Court prior to his sentencing hearing. Undersigned counsel has reviewed the Presentence report (PSR) with Mr. Kaiser, and he has no substantive objections to the PSR.

In this case, the PSR correctly calculates Mr. Kaiser's total offense level 17 and Criminal History Category I, for a guideline range of imprisonment of 24 to 30 months. As per the plea agreement, the parties stipulate that Mr. Kaiser's sentence shall not exceed the low end of the sentencing range and that he shall surrender his Arizona Conceal Carry Weapons (CCW) permit.

The PSR states the guideline range places Mr. Kaiser in Zone D, making him ineligible for probation pursuant to U.S.S.G § 5B1.1. As the court is aware, the guidelines are merely advisory and the Court may grant a variance below the advisory range when considering the factors set forth in 18 U.S.C. § 3553(a) such as the nature and circumstances of the offense, history and characteristics of the defendant, seriousness of the offense, adequate deterrence, and a need to provide the defendant with medical care. Moreover, by statute under 18 U.S.C. § 3561(c)(1),

Mr. Kaiser is eligible for probation for not less than one no more than five (5) years probation so long as the Court also imposes a fine, restitution, or community service. (PSR at 10). As such, pursuant to the sentencing factor set forth in 18 U.S.C. § 3553(a), Mr. Kaiser respectfully requests the Court accept the plea agreement and grant his variance by imposing a sentence of five (5) years probation with a substantial fine.

## **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

### I. Facts and Procedural History

Mr. Kaiser was charged by indictment with One Count, Dealing Firearms without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 923(a), and 924(a)(1)(D). On June 14, 2023, he pled guilty to the indictment and admitted to the factual basis in the plea agreement which reads as follows:

> Between May 1, 2016, through September 16, 2022, the defendant, THOMAS ROBERT KAISER, purchased at least 123 firearms from various firearm dealers. The defendant bought the firearms with the sole intention of selling the firearms for profit. Specifically, on January 13, 2022, the defendant purchased a Pioneer Arms Corp. 7.62x39 mm pistol from MLS Arms in Phoenix, Arizona, and ATF agents recovered the firearm in the possession of another individual in Nogales, Arizona on January 20, 2022. On January 25, 2022, the defendant purchased a Girsan Regard MC pistol from Lone Wolf Trading Co. in Glendale, Arizona, and ATF agents recovered the firearm in the possession of another individual in Phoenix, Arizona on February 8, 2022. On October 5, 2021, the defendant purchased a Century Arms Model VSKA 7.62x39 rifle from MLS Arms in Phoenix, Arizona, and Mexican authorities recovered the firearm in the possession of another individual in Monterrey, Nuevo Leon, Mexico on March 1, 2022. The defendant devoted time, attention, and labor to the regular and repeated sale of firearms for the principal objection of making a profit. The defendant advertised firearms for sale on various websites, including www.armslist.com and www.backpage.com. He sold the firearms shortly after purchasing them. The defendant has never held or applied for a federal firearms license and was issued Unlicensed Firearms

Dealing warning letter by ATF agents on September 8, 2016, October 17, 2017, and January 16, 2019.

## II. Defendant's Sentencing Recommendation

### *THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. § 3553(A) SUPPORT A VARIANCE AND A REASONABLE SENTENCE BELOW THE ADVISORY GUIDELINE RANGE*

Under § 3553(a), a court must consider a defendant's individual characteristics along with the enumerated reasons for imposing a particular sentence. As such, Mr. Kaiser respectfully submits that a term of five (5) years probation with a significant fine is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

A. *Defendant's History and Characteristics*

Mr. Kaiser is 79 years old with no prior criminal history. He was born in Elyria, Ohio, to Bertram and Deloris, now deceased. He has four brothers who all reside in Phoenix and are retired. Mr. Kaiser relocated to Phoenix in 1962 with his family after graduating from high school. As an adolescent, his basic necessities were met, and he remained free of abuse. In 1965, Mr. Kaiser married Beryl Sharon Kaiser and the two have remained married since that time. Ms. Kaiser is a homemaker and remains supportive in the instant case. They share two daughters, Tammy, 54, and Kimberly, 56. Tammy resides with Mr. Kaiser and is dependent on him due to her permanent developmental disability.

Mr. Kaiser is currently retired and spent the majority of his career as a machinist. He has no history of substance abuse or mental health issues but has significant health complications. Approximately eight (8) years ago, Mr. Kaiser suffered from a heart attack and received a stint. Since that time, he has been diagnosed with high blood pressure, high cholesterol, and chronic obstructive pulmonary disease. Medical records reflected he is prescribed aspirin, atorvastatin,

clopidogrel, irbesartan, nebivolol, a testosterone injection, and Flovent HFA, and an inhaler. As such, the Court must also consider the need to provide Mr. Kaiser with medical care in the most effective manner, in this case, to allow him the opportunity to continue his treatment at home while on probation.

B. *Nature and Circumstances/Seriousness of the Offense and Adequate Deterrence*

In this case, Mr. Kaiser received approximately three (3) warning letters by ATF agents in efforts to avoid the exact scenario he is facing right now, imprisonment. The first warning letter was in 2016, where he was interviewed by agents and immediately admitted to selling firearms to "make some extra money". The second time in 2017, when visited by agents, again, he informed them about his involvement and agreed to voluntarily abandon the firearms to the agents. Lastly, in 2019, when agents showed up to his residence, he was forthcoming about his involvement, despite knowing that it could lead to his arrest. While it is unfortunate that it wasn't until the government charged Mr. Kaiser by Indictment in the instant case that cause him to cease any and all involvement with the dealing of firearms, he further accepted responsibility for his conduct by entering into the plea agreement and again during his presentence interview. (PSR at 6).

The offense in this case is serious in nature given the number of firearms involved, however, this is Mr. Kaiser's first contact with the criminal justice system. Mr. Kaiser voluntarily forfeited all the firearms related to the instant offense, his CCW, and is now a convicted felon, all of which will help serve as an adequate deterrent to ensure he remains law abiding moving forward.

Considering Mr. Kaiser's acceptance and responsibility, remorse, lack of criminal history, health complications, and elderly age, he submits that a variance pursuant to § 3553(a) of five (5) years probation with a substantial fine is a fair and just sentence that is sufficient but not greater than necessary.

## III. Conclusion

Based on the foregoing, Defendant respectfully requests the Court accept the plea agreement and grant him a variance of five (5) years probation with a significant fine.

RESPECTFULLY SUBMITTED this 31st day of August, 2023.

**SUZUKI LAW OFFICE**

*/s/ Colin O'Sullivan*
Colin O'Sullivan, Esq.
Attorney for Defendant *Kaiser*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

HON. SENIOR JUDGE DAVID G CAMPBELL
UNITED STATES DISTRICT COURT
campbell_chambers@azd.uscourts.gov

PATRICK E. CHAMPMAN
UNITED STATES ATTORNEY'S OFFICE
patrick.champman@usdoj.gov

*/s/ Colin O'Sullivan*
Colin O'Sullivan Esq.
Attorneys for Defendant *Kaiser*